The State v. David Cake et al.

---

THE STATE (James Golder et al., prosecutors), v. DAVID CAKE ET AL.

1. A clerk of Common pleas has no authority to certify copies of the oaths of surveyors filed in his office. Such certificate is not evidence.

2. The return of surveyors must designate the township or townships in which the road laid out is located.

3. For some purposes, the recitals in a return may be considered as part of the return.

4. Though the return does not say expressly in which of two townships the road begins and in which it ends, yet where these points are fixed with such precision of description that nobody can possibly be mistaken as to where they are, it is sufficient.

5. It is not necessary that the return or map should show where the road laid out crosses the township line.

6. The plaintiff in *certiorari* cannot take advantage of the fact that damages were not awarded to one who does not complain.

Argued before OGDEN and POTTS, Justices.

Mr. *McCulloch*, for plaintiff in *certiorari*.

Mr. *Nixon*, for defendant.

POTTS, J. This *certiorari* is brought to set aside the return of surveyors of the highways, laying out a certain road in the county of Cumberland, and also the judgment of the

Court of Common Pleas, ordering the said return to be recorded.

The *first* reason assigned for reversal is, that the surveyors had not been sworn according to law. To substantiate this, a paper purporting to be copies of the oaths of the surveyors is produced, with a certificate of the clerk of the Court of Common Pleas of Cumberland annexed, that "the said affidavits are true copies of the records filed in his office." But we cannot look at this paper. The statute, (*Rev. Stat.* 1027, § 20), directs the township clerks to transmit the oaths of the surveyors to the clerk of the Court of Common Pleas, to be by him *filed*. It gives to the clerk of the court the custody of the original oath, and that is all. It is a well settled rule, that where an officer is merely entrusted with the custody of records or papers, and is not authorized by statute to make copies, he has no more authority for that purpose than any other person. 1 *Phil. Ev.* 388 ; *N. J. Railroad Co.* v. *Suydam,* 2 *Har.* 60. The clerk might have been ruled to send up the original papers for our inspection, or, which is the better practice, sworn copies might have been produced. There is, therefore, no evidence before us to sustain this reason.

The *second* and *third* reasons assigned are, that neither the record, map or draught of the surveyors shows in what township or townships the said road is laid out, or in what township it begins or ends. The return of the surveyors, by way of *recital*, sets forth that "application being made to the court by David Cake and others, ten freeholders and residents of the county of Cumberland, that they think' a public road necessary *in the townships of Deerfield and Hopewell,* in said county, beginning at a stake in the middle of the commissioners' road, from Shiloh to Friesburgh, and is a corner of lands of Reese Hurf and Thomas Bowen, running," &c., "to a stake set in the road from Deerfield to Neill's mill, and west of Shull's house, and there to end;" and so reciting the application and order made thereupon, it proceeds to state that the "surveyors having met," &c.,

" think and adjudge *the said public road* to be necessary, and do lay the same," &c., " that is to say, beginning," &c., particularly describing the route to the ending point, as before set out in the recital.   Now, the counsel for the prosecutors insists that the *return* must designate the township or townships in which the road laid out is located, and this is true, (*State* v. *Allen et al.*, 6 *Hal.* 103.)   He further insists that though the townships in which the road is laid out are set forth in the recital, yet that this will not cure the defect in the return, because the *recital* is no part of the return.   But for the purpose of designating the general locality of the road, as in a particular county, township or townships, we think the recital may be considered as part of the return, particularly where the return itself uses language of reference to the description in the recital, as " the said public road," meaning the road described in the recital; and so, though neither the recital nor return says expressly in *which* of the townships of Deerfield and Hopewell the beginning or the ending points are situated, yet where, as here, these points are so described as to *fix them with precision and certainty*, so that nobody can possibly be mistaken as to where they are, we think it is sufficient.

The *fourth* reason is, that neither the return nor map shows where the road *crosses* the township line.   But this was held to be unnecessary, in 1 *South.* 290.

There is nothing in the *fifth* or *sixth* reasons.   The map sufficiently designates the places and improvements along the line; and the fact that no damages are awarded to *Hurf*, cannot be taken advantage of by the prosecutors, Hurf not being one of them.   If he is aggrieved it is for him to complain.

The order of the Court of Common Pleas is affirmed.

OGDEN, J., concurred.

CITED *in State* v. *Smith*, 1 *Vr.* 451; *State* v. *Stout*, 4 *Vr.* 43.